**IT IS ORDERED as set forth below:**



**Date: March 14, 2016**

_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| STEVEN C. SMITH, | : | CASE NO.  10-89420-PWB |
| | : | |
| Debtor. | : | |
| _____ | :_____ | |
| | : | |
| CATHY L. SCARVER, as Trustee-in-Bankruptcy for the Bankruptcy Estate of Steven C. Smith, | : : : | |
| | : | |
| Movant, | : | CONTESTED MATTER |
| | : | |
| v. | : | |
| | : | |
| STEVEN C. SMITH, GEORGIA DEPARTMENT OF REVENUE, GOOD GATEWAY, LLC, | : : : | |
| | : | |
| Respondents. | : | |

**ORDER AND NOTICE ON**
TRUSTEE'S MOTION TO SELL MEMBERSHIP INTEREST IN
ORLANDO GATEWAY, LLC FREE AND CLEAR, INCLUDING BIDDING PROCEDURES

On March 11, 2016, Trustee filed Trustee's Motion to Sell Estate's Interest in the Debtor's Membership Interest in Orlando Gateway LLC, a Georgia Limited Liability Company for (A) an Order and Notice (i) Directing Bidding Procedures Subject to Objection, (ii) Setting Preliminary Hearing in Event of Objection to Bidding Procedures, and (iii) Setting Final Sale Hearing, and (B) an Order at Final Sale Hearing Approving Sale Free and Clear (the "**Motion**"). The Motion is summarized below, and is available for review in the Clerk's Office U.S. Bankruptcy Court, 1340 U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303-3367 **between 8:00 a.m. and 4:00 p.m.** or online anytime at *http://ecf.ganb.uscourts.gov* (registered users) or at *http://pacer.psc.uscourts.gov* (unregistered users).

**Property.** The property being sold is all right, title, and interest of the bankruptcy estate in, to, and under the Orlando Gateway, LLC Membership Interest, including all managerial and ownership rights in Orlando Gateway, LLC, as further discussed in the Motion (the "**Property**").

**Agreement.** The Trustee has entered into an Agreement for the purchase and sale of the Property (the "**Agreement**"), with BKGD, LLC, as purchaser (the "**Initial Bidder**"). In the Trustee's business judgment, the Trustee believes that the Agreement is the highest and best offer, and is in the best interest of the bankruptcy estate and creditors. A copy of the Agreement is attached to the Motion as Attachment I. The Agreement provides for a purchase price of $100,000.00, in cash or its equivalent, with payment of earnest money in the amount of $10,000.00 (the "Earnest Money").

**Bidding Procedures**. The proposed sale under the Agreement is subject to approval by the bankruptcy court. In accordance with bankruptcy procedure, during the approval process, another bidder may seek to present an offer on the Property. The bidding procedures proposed by Trustee (the "**Bidding Procedures**") are:

a. Each person (except the Initial Bidder, as such term is defined below) who seeks to bid on the Property (a "**Potential Bidder**," which term shall not include the Initial Bidder) should obtain a copy of the Agreement, if not previously obtained. A copy of the Agreement may be obtained from Trustee (in his Office and Capacity as Trustee and not individually), at:

> Cathy L. Scarver, Trustee
> P. O. Box 672587
> Marietta, Georgia 30006
> Phone: 404-551-5142
> Fax: 404-806-9652

2

(the "Trustee's Address"), or by requesting same from Trustee by email to *trusteescarver@bellsouth.net*.

   b. To participate in the bidding process, each Potential Bidder must deliver to Trustee at Trustee's Address, the following (in writing, unless designated otherwise), which shall constitute a Bid:

    (1) The full name, identity (e.g. limited liability company, if not an individual), address, and phone number of the proposed purchaser of the Property;

    (2) Written evidence, including financial means, of ability to consummate the transaction, with names, identities (e.g. limited liability company, if not an individual), addresses, phone numbers, whereby Trustee may verify same;

    (3) The name, identity (e.g. limited liability company, if not an individual), capacity, address, and phone number of a designated representative of the proposed purchaser, if any, who is authorized to act on behalf of the proposed purchaser at the Auction (as defined below) at the Final Sale Hearing;

    (4) A bid for the Property (the "**Bid**"), which is a signed letter from the Potential Bidder stating that (i) such bidder offers to purchase the Property upon the terms and conditions set forth in a copy of the Agreement, clearly marked to show the amendments and modifications to the Agreement, including price and terms that the Potential Bidder proposes (the "**Marked Agreement**"), and (ii) the Potential Bidder's offer is open and irrevocable until Closing (as such term is defined below);

    (5) The Bid must (i) guarantee to Trustee at least a $10,000.00 increase over the price offered in the Agreement, which equals $110,000.00 as a Potential Bidder's minimum bid price, (ii) is on terms otherwise identical to, or more advantageous to Trustee than, the terms of the Agreement, (iii) has **no** contingencies (including but not limited to obtaining financing, or on the outcome of unperformed due diligence by the Potential Bidder) other than the approval of the Potential Bidder as the Successful Bidder (as defined below), (iv) does not request or entitle the Potential Bidder to any termination fee, expense reimbursement or similar type of payment, and (v) which provides that the Potential Bidder agrees that its Bid shall remain open and subject to acceptance by Trustee until a Closing takes place;

(6) Trustee prefers all cash, non-contingent contracts, so to the extent any Bid involves any contingency, delayed payment, delayed closing or non-cash components, Trustee, in his sole discretion, may value such components at any amount, including zero, and the Potential Bidder shall have no right of appeal whatsoever from Trustee's valuation;

(7) A good faith deposit (the "**Bid Deposit**"), in immediately available United States funds, in an amount which is at least a $10,000.00 increase over the Earnest Money provided by the Purchaser/Initial Bidder under the Agreement (which equals $20,000.00 as a Potential Bidder's minimum Bid Deposit), is placed with Trustee as escrow agent, and will be left in place until Closing in order to keep such Bid in place as a backup; and

(8) A detailed statement of *any* connections the Potential Bidder has with Steven C. Smith, the Debtor in the Bankruptcy Case.

c. A Bid is firm and binding upon each Potential Bidder at the time that such Bid is submitted to Trustee.

d. The above must be submitted and deposited so that it is received by Trustee not later than five (5) business days prior to the scheduled Final Sale Hearing (the "**Bid Deadline**").

e. A "**Qualified Bidder**" is a Potential Bidder that (i) timely delivers the above, and (ii) whose financial information demonstrates, to Trustee's reasonable satisfaction, the financial capability of the Potential Bidder to consummate the purchase of the Property. Any bid received from a Qualified Bidder that meets these requirements will be a "**Qualified Bid**."

f. **BKGD, LLC** is the Initial Bidder. For the purposes of these bidding procedures, the Agreement is a Qualified Bid, and the Initial Bidder is a Qualified Bidder.

g. Trustee shall advise the Initial Bidder of any other Qualified Bid not later than three (3) business days prior to the scheduled Final Sale Hearing.

h. If Trustee does not receive any Qualified Bids other than the Agreement, Trustee will report this fact to the Bankruptcy Court at the Final Sale Hearing and proceed with the sale of the Property to the Initial Bidder.

i. If at least one additional Qualified Bid for the Property is submitted, the

4

Bankruptcy Court will conduct an auction (the "**Auction**") of the Property at the Final Sale Hearing, at which only the Initial Bidder and each other Qualified Bidder will be entitled to participate as bidders.

      j.      At the Auction, bidding will begin with the highest Qualified Bid and continue in increments of not less than $5,000.00. The required minimum amount of incremental bids may be adjusted by Trustee, subject only to a requirement of good faith. The bidding will not conclude until each participating bidder has had the opportunity to submit any additional Qualified Bid(s) with full knowledge of the existing highest bid.

      k.      At the conclusion of the bidding, Trustee will announce his determination as to the person (the **"Successful Bidder"**) submitting the highest and best bid for the Property (the "**Successful Bid**"). The Successful Bid, as determined by Trustee, will be submitted to the Bankruptcy Court for its consideration for approval at the Final Sale Hearing. Notwithstanding anything to the contrary in the Motion, the determination of the highest and best bid for the Property shall be that of the Bankruptcy Court.

      l.      By participating in the Auction, each Qualified Bidder shall be deemed to acknowledge that it has had an opportunity to inspect the Property and any pertinent documents prior to bidding and that such Qualified Bidder relied solely on that review and upon its own investigation and inspection regarding the Property in making its offers.

      m.      The Bid Deposit(s) shall be distributed, as follows:

          (1) Upon Closing of the transaction for which the Bid Deposit was made, to Trustee;

          (2) Upon or within ten (10) days after entry of a final order by the Bankruptcy Court disapproving the transaction for which the Bid Deposit was made: refunded to the Successful Bidder;

          (3) Upon or within ten (10) days after written notification to the Successful Bidder by Trustee of Trustee's inability to close the transaction, then refunded to the Successful Bidder; or

          (4) If, due to the Successful Bidder's failure to consummate the sale of the Property, Closing does not occur within (i) the time period set forth in the Marked Agreement with respect to the Successful Bid, (ii) an additional time period acceptable to Trustee in writing, or (iii) an

5

additional time period authorized by the Bankruptcy Court:  to Trustee.

n.  Trustee as escrow agent shall hold in an escrow account, any Bid Deposit received in accordance with these Bidding Procedures.  Each Qualified Bidder acknowledges that Trustee shall act in accordance with these Bidding Procedures without further instructions.  Trustee, Trustee as escrow agent, and Trustee's counsel shall have no duties or obligations except those expressly set forth herein and in the applicable Marked Agreement. Trustee, Trustee as escrow agent, and Trustee's counsel shall not be required to invest the Bid Deposits in an interest earning account or to segregate each deposit, but may, in their sole discretion, do so.  In the event of a dispute between a Successful Bidder and Trustee or Trustee as escrow agent, Trustee or Trustee as escrow agent (as is applicable) shall have the right to retain the Bid Deposit in escrow, and Trustee, Trustee as escrow agent, or the party making the Bid Deposit may apply to the Bankruptcy Court for a determination of the rights and obligations of Trustee, Trustee as escrow agent, and the party making the Bid Deposit.

o.  Trustee will not be deemed to have accepted any bid, including the Successful Bid, until the Bankruptcy Court has entered an Order approving the Successful Bid and Trustee's consummation of the sale.   In the event Closing does not take place as provided below, Trustee reserves the right to accept the next highest and best Qualified Bid.

p.  If the Successful Bidder fails to close in accordance with the terms of the Successful Bid and the Order approving the sale, the Bid Deposit of such Successful Bidder will be retained by Trustee as liquidated damages, and not a penalty, it being agreed by participation in the bid process that actual damages are impossible to determine.  In such event, the Property will be sold to the Qualified Bidder submitting the next highest bid which is able to close in accordance with the terms of the Agreement or applicable Marked Agreement, as the case may be.

q.  If Trustee does not consummate a sale of the Property for any reason (other than the Successful Bidder's failure to consummate a sale in accordance with the Agreement or applicable Marked Agreement, as the case may be, and the Order approving the sale), Trustee's sole obligation shall be to refund the Bid Deposit (if one was made by the Successful Bidder) to the Successful Bidder.

r.  If the Initial Bidder is the Successful Bidder, the disposition of the Earnest

Money, and any interest thereon, shall be governed by the Agreement.

  s. Closing of the sale of the Property (the "**Closing**") shall take place in accordance with the closing date set forth in the Successful Bid.  With respect to Closing, time is of the essence.

  t. The balance of the purchase price shall be paid by the Successful Bidder to Trustee, by wire transferred, certified funds or other good funds at Closing in a form acceptable to Trustee.

  u. All adjustments to be made in connection with Closing, if any, shall be made as provided in the Successful Bid.

  v. Any sale, assignment or other disposition of the Property shall be without representations or warranties of any kind, nature, or description by Trustee, its agents or the Bankruptcy Estate. The transactional documents shall provide that **THE TRUSTEE HEREBY EXPRESSLY DISCLAIMS ANY AND ALL EXPRESS OR IMPLIED WARRANTIES WITH RESPECT TO THE PROPERTY, INCLUDING, WITHOUT LIMITATION, THE WARRANTIES OF MERCHANTABILITY AND FITNESS FOR ANY PARTICULAR PURPOSE.  THE PROPERTY SHALL BE TRANSFERRED "AS IS", "WHERE IS, " WITH "ALL FAULTS."**

  w. In the event of any conflict in the terms and conditions set forth herein and in any agreement for purchase of the Property approved by the Bankruptcy Court ("Approved Purchase Agreement"), the court's Order shall govern.

  x. The Final Sale Hearing is to confirm a sale free and clear by the entry of a "Final Sale Order," and authorize specific payments from the proceeds of the sale at Closing.

  y. The Final Sale Order shall provide that all liens, claims, encumbrances, and interests in, to, or under the Property are removed from the Property and transferred and attached to the proceeds of the sale of the Property in the same priority and to the same extent and validity as such liens, claims, encumbrances, and interests attached to the Property.

**IT IS HEREBY ORDERED** and **NOTICE IS HEREBY GIVEN** that any person who objects to the approval of the **Bidding Procedures:**

1. **Must file** a written objection, stating the grounds therefor, on or before the close of business April 7, 2016, with the Clerk's Office U.S. Bankruptcy Court, 1340 U.S. Courthouse, 75 Ted Turner Drive, Atlanta, Georgia 30303-3367; and

2. **Must serve** a copy on Counsel for the Trustee, Cathy L. Scarver, C. L. Scarver & Associates, LLC, P. O. Box 672587, Marietta, Georgia 30006, phone number 404-551-5142, and by email to clsallc@bellsouth.net.

3. **Must advocate** the objection to bidding procedures at the hearing set below. If objections to the bidding procedures are filed, hearing will be held before the undersigned in Courtroom 1401, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303, on the 12th day of April, 2016, at 10:00 a.m.

**Any objection to the bidding procedures not timely filed and served is deemed waived. If no objection is filed as set forth above, the proposed Bidding Procedures shall thereupon stand APPROVED without further notice or hearing.**

If the Bidding Procedures are modified by an Order of the Bankruptcy Court, Trustee's counsel shall serve a copy of such modified Bidding Procedures upon all creditors and parties in interest on or before one business day after such Order is entered, and shall file a certificate of such service within three (3) days thereafter.

**IT IS FURTHER ORDERED** and **NOTICE IS HEREBY GIVEN** that any person seeking to become a **Qualified Bidder** shall comply with the Bidding Procedures and any modification thereof.

**IT IS FURTHER ORDERED** and **NOTICE IS HEREBY GIVEN** that any person who objects to the **Motion** (other than the Bidding Procedures), including the sale of the Property under the Agreement or by auction, the sale free and clear, or the proposed distributions:

1. **Must file** a written objection, stating the grounds therefor, on or before the close of business April 21, 2016, with the Clerk's Office, 1340 U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303-3367; and

2. **Must serve** a copy of said objection on Counsel for Trustee, Cathy L. Scarver, c/o C. L. Scarver & Associates, LLC, P. O. Box 672587, Marietta, Georgia 30006, phone number 404-551-5142, and by email to clsallc@bellsouth.net, so that such written objections are actually received by the foregoing on or before the deadline set forth in Paragraph 1; and

3. **Must advocate** the objection at the Final Sale Hearing on the Motion. The Final Sale Hearing on the Motion will be held before the undersigned in Courtroom

8

1401, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303, on the 26th day of April, 2016, at 10:00 a.m.

**Any objection not timely filed and served, or not advocated at the hearing set above, shall be deemed waived, and the relief requested may be granted without further notice or hearing.**

**IT IS FURTHER ORDERED** that Trustee's counsel shall serve a copy of this Order and Notice upon Debtor, Debtor's Attorney, all Prospects (as defined in the Motion), all creditors and parties at interest on or before March 15, 2016, and shall file a certificate of such service within three (3) days thereafter.

**[END OF DOCUMENT]**

Prepared and presented by:

C.L. SCARVER & ASSOCIATES, LLC

By: */s/ Cathy L. Scarver*
         Cathy L. Scarver
         Georgia Bar No. 628455
P.O. Box 672587
Marietta, Georgia 30006
Phone: 404-551-5142
Fax: 404-806-9652
Email: clsallc@bellsouth.net
Counsel for Trustee

## DISTRIBUTION MAILING LIST

Office of United States Trustee
75 Ted Turner Drive SW, Ste 362
Atlanta, GA 30303

Steven C. Smith
c/o Gina Micalizio, Esq.
P. O. Box 88644
Atlanta, GA 30356

Steven C. Smith
380 Majestic Cove
Alpharetta, GA 30004

BKGD, LLC
c/o John A. Christy, Esq.
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, Suite 800
Atlanta, Georgia 30309

BKGD, LLC
5100 Peachtree Industrial Blvd.
Peachtree Corners, Georgia 30071

Bay Circle Properties, LLC
c/o John A. Christy, Esq.
Schreeder, Wheeler & Flint, LLP 1100
Peachtree Street NE,Ste 800
Atlanta, Georgia 30309-4516

Chittranjan (Chuck) Thakkar
c/o Moffa, Bonacquisti
& Brewer PLLC
Attn: John Alan Moffa, Esq.
1776 N Pine Island Rd #102
Plantation, FL 33322

Georgia Department of Revenue
Attn: Bankruptcy Section
P. O. Box 161108
Atlanta, GA 30321

Georgia Department of Revenue
Compliance Division
ARCS Bankruptcy
1800 Century Blvd, Suite 9100
Atlanta GA 30345-3202

SEG Gateway LLC
c/o Clay M. Townsend, Esq.
Morgan & Morgan PA
20 N. Orange Ave, Suite 1500
Orlando, FL 32801

SEG Gateway LLC
c/o Steinfeld & Steinfeld
Attn: Shayna M. Steinfeld, Esq.
P.O. Box 49446
Atlanta, GA 30359

Good Gateway, LLC
c/o James Balletta,
Registered Agent
301 E. Pine Street, Suite 1400
Orlando, FL 32801

Good Gateway, LLC
Attn: M. Carson Good
Managing Member
147 W. Comstock Ave. #100
Winter Park, FL 3278