**IT IS ORDERED as set forth below:**



**Date: June 21, 2016**

_____
**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-89420-PWB |
| | ) | |
| STEVEN C. SMITH, | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| _____ | )_____ | |
| | ) | |
| CATHY L. SCARVER, as Trustee | ) | |
| For the Estate of Steven C. | ) | |
| Smith, | ) | |
| | ) | CONTESTED MATTER |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| STEVEN C. SMITH, GEORGIA | ) | |
| DEPARTMENT OF REVENUE, GOOD | ) | |
| GATEWAY, LLC; SEG GATEWAY, LLC; | ) | |
| CARSON GOOD and JAMES BALLETTA, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER AUTHORIZING THE SALE OF THE ESTATE'S INTEREST IN
ORLANDO GATEWAY, LLC FREE AND CLEAR OF LIENS, ENCUMBRANCES,
AND OTHER INTERESTS, BUT SUBJECT TO
<u>CERTAIN CLAIMS AS SET FORTH HEREIN</u>**

-1-

On March 11, 2016, Cathy L. Scarver, ("Trustee") filed her Motion to Sell Membership Interest in The Property LLC Free and Clear and for (A) an Order and Notice (i) Directing Bidding Procedures Subject to Objection (ii) Setting Preliminary Hearing in Event of Objection to Bidding Procedures, and (iii) Setting Final Sale Hearing, (B) and an Order at Final Sale Hearing Approving Sale Free and Clear (the "Motion") (Doc. No. 93).  The Trustee and the proposed Purchaser, BKGD, LLC ("Purchaser"), are asking the Court to approve the sale of any and all rights, title, and interests that the bankruptcy estate may have in the Debtor's interest in Orlando Gateway, LLC, a Georgia LLC (the "Property"). Moreover, it is clear that the Trustee and the Purchaser have agreed that the Trustee is selling the Property "AS IS" "WHERE IS" "WITH NO REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS OR IMPLIED" and "WITH ALL FAULTS".

The Order and Notice on Trustee's Motion to Sell Membership Interest in The Property, LLC  Free and Clear, Including Bidding Procedures (the "Order and Notice") was entered by the Court on March 15, 2016 (Doc. No. 95) setting forth the relevant terms of the proposed sale of the Property.

Trustee certified on March 18, 2016 (Doc. No. 97) that she timely served a copy of the Order and Notice on Debtor, Debtor's attorney, all creditors and parties in interest, and all parties requesting notices pursuant to Bankruptcy Rule 2002. The Order and Notice provided that any competing bids for the Property must be filed in writing no later than five (5) business days prior to the scheduled Final Sale Hearing; any objection to the approval of the Bidding Procedures be filed in writing and received by the Clerk no later than April 7, 2016; and any objection to the Motion (other than the Bidding Procedures) including the sale of the Property under the Agreement or by auction must be filed in writing and received by the Clerk no later than April 21, 2016.

The following objection was filed to Trustee's Motion: Omnibus Objection to Notice on Trustee's Motion to Sell Membership Interest in Orlando Gateway, LLC Free and Clear Including Objection to Bidding Procedures and Brief in Support thereof (Doc. Nos. 102 and 103)(the "Objection") filed by Good Gateway, LLC, SEG Gateway, LLC, Carson Good and James Balletta, ("Respondents"). In addition, Respondents filed an additional Affidavit (Doc. No. 116) and an additional Brief

(Doc. No. 119) in support of Respondents' Objection.  Also on April 19, 2016, one of the Respondents, Good Gateway, LLC ("Good Gateway") filed adversary proceeding No. 16-05085 (the "Adversary Proceeding") against Trustee.  The Adversary Proceeding was titled Complaint for Declaratory Judgment and for Equitable Relief, including Emergency, Temporary and Permanent Restraining Order and Injunction (Doc No. 111) seeking, *inter alia*, a declaratory judgment that the Property is not property of the estate and that Good Gateway has been the owner of the Property since before the filing of Debtor's petition.

Trustee's Motion and the Objection initially came for hearing before the Court on April 26, 2016.  The Trustee reported that no other qualified bids were received pursuant to the Order and Notice.  The Hearing was attended and argued by Trustee, counsel for the Trustee, counsel for the Respondents, counsel for the Purchaser, counsel for another alleged party in interest, and counsel for the United States Trustee.  Trustee's Motion and the Objection came on for final evidentiary hearing before the Court on June 14, 2016.  Prior to the final evidentiary hearing, Purchaser and an interested

party, Chittranjan ("Chuck") Thakkar filed a Supplemental Response to Omnibus Objection to Notice on Trustee's Motion to Sell Membership Interest in Orlando Gateway, LLC Free and Clear Including Objection to Bidding Procedures (Doc. No. 144).  The final hearing was attended by Trustee, counsel for the Trustee, counsel for the Respondents, counsel for the Purchaser, counsel for the interested party, and counsel for the Debtor.

This Court, having considered the Motion and the relief requested therein, all prior hearings and all other pleadings and proceedings in this case, the appearances of all interested parties, and all responses and objections to the Motion, and the full record of the hearings, and it appearing that the relief requested in the Motion is in the best interest of the Debtor, his estate, his creditors, the stakeholders, and all other parties in interest; and after due deliberation and sufficient cause appearing therefore:

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:[1]**

---

[1]  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of

1. This Court has jurisdiction over the Motion and the transaction; that this matter is a core proceeding, and that venue is proper.

2. Proper, timely, adequate, and sufficient notice of the Motion, the hearings, and the terms and conditions of the sale have been provided, and no other or further notice of the Motion, the hearings, and/or the terms and conditions shall be required;

3. As demonstrated by (i) the evidence proffered or adduced at the hearings, and (ii) the representations of counsel made on the record at the hearings on this matter:

    a. Trustee and her professionals conducted the sales process with respect to the Property in compliance with the Bankruptcy Code, the Bankruptcy Rules, and this Court's Order and Notice;

    b. The Agreement between Trustee and Purchaser was negotiated and entered into in good faith, based upon arm's length bargaining, and without collusion or fraud of any kind; and Purchaser is a purchaser in "good faith," as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of Bankruptcy Code §363(m) with respect to the purchase of the Property.[2]

---

fact, they are adopted as such. The findings of fact and conclusions of law stated on the record by the Court on June 14, 2016 are specifically adopted and included in this Order.

2    The Court is NOT adjudicating the actual ownership of the Property. The

    c.    The purchase price offered by Purchaser for the Property: (i) is fair and reasonable, (ii) is the highest and best offer for The Property, (iii) constitutes full and fair consideration and reasonably equivalent value for the Property, and (iv) will provide a greater recovery for the Debtor's creditors, stakeholders and other interested parties than would be provided by any other practically available alternative; and

    d.    Trustee has demonstrated good, sufficient and sound business judgment, purpose, and justification for the sale of the Property contemplated by this Order.

4. For the reasons stated herein and the reasons set forth on the record at the hearings on April 26, 2016 and the final hearing on June 14, 2016, <u>except as to the actual ownership of the Property</u>, the objections asserted by the Respondents are **OVERRULED** on the merits and denied with prejudice. Specifically, the Court concludes that the Trustee may quitclaim the estate's right, title, and interest in the Property. *In re Global Reach Inv. Corp.*, Bk. No. 10-32303, 2012 WL 933594 (B.A.P. 9th Cir. 2012); *In re Atlantic Gulf Communities Corp.*, 326 B.R. 294 (Bankr. D. Del. 2005).

---

Court makes no findings of fact or conclusions of law as to the ownership of the Property.  This Order shall be WITHOUT PREJUDICE to the claims asserted by Respondents in the Adversary Proceeding or as may be asserted in any other forum as well as any and all defenses of the alleged Defendant(s) in the Adversary Proceeding or as may be asserted in any other forum.  All claims and defenses as to the actual ownership of the Property are hereby preserved for subsequent adjudication.

Based on all of the foregoing, it is hereby

**ORDERED** as follows:

1. The Trustee's Motion is **GRANTED**, as set forth below, and the Respondents' objections (Doc Nos. 102, 103, 116 and 119) are **OVERRULED**.

2. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell any and all rights, title, and interests that the bankruptcy estate may have in the Debtor's interest in Orlando Gateway, LLC, a Georgia LLC, to BKGD, LLC for the purchase price of $100,000.00. The Court makes no findings of fact or conclusions of law as to the extent of the Bankruptcy Estate's /Debtor's interest in the Property. All claims and defenses as to the actual ownership of the Property are hereby preserved for subsequent adjudication. Except with regard to this Order's authorization of the sale: (a) This Order shall be **WITHOUT PREJUDICE** to the claims asserted by Good Gateway in the Adversary Proceeding or as may be asserted in any other forum as well as any and all defenses of any Defendant (or the Purchaser) in the Adversary Proceeding or as may be asserted in any other forum; and (b) all claims and defenses alleged by any party in the Adversary Proceeding or as may be asserted in

any other forum shall survive this Order and shall not be rendered moot by this Order. The estate's alleged interest in the Property is hereby sold "AS IS" "WHERE IS" "WITH NO REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS OR IMPLIED" and "WITH ALL FAULTS."

3. The Trustee is authorized to close on the sale to the Purchaser, substantially in accordance with the Trustee's Quitclaim Bill of Sale attached as **Exhibit "A"**. The Trustee is authorized to execute and deliver documents and take all actions reasonably requested to facilitate the conveyance of the Property to the Purchaser.

4. This Order shall be binding in all respects upon all creditors, whether known or unknown, of Debtor, all successors and assigns of Debtor, Orlando Gateway LLC, Respondents, the Purchaser, all parties in interest, and the Trustee provided that the Court makes no findings as to the extent of the Bankruptcy Estates'/Debtor's interest in the Property.

5. The Property shall remain subject to any rights, title, interests, claims, and defenses of Respondents and shall be conveyed to the Purchaser subject thereto. The Property shall otherwise be conveyed free and clear of all

other interests of any kind or nature, with all such other interests to attach to the net proceeds of the sale in the order of their priority, with the same validity, force, and effect which they now have.

6. In the event the Adversary Proceeding is not dismissed on or within ten (10) days of the entry of this Order, BKGD shall be entitled to substitute for the Trustee in such proceeding. All deadlines in such proceeding are stayed pending further Order of this Court.

7. This Court shall retain jurisdiction with respect to the enforcement or implementation of this Order.

**[END OF DOCUMENT]**

**Parties to be served by Clerk:**

W. Russell Patterson, Jr.
Ragsdale, Beals, Seigler,
Patterson & Gray LLP
229 Peachtree St NE
Suite 2400
Atlanta, GA 30303-1629

Cathy L. Scarver
PO Box 672587
Marietta, GA 30006

John Alan Moffa
Moffa & Breuer PLLC
1776 N. Pine Island Rd. #102
Plantation, FL 33322

John A. Christy
Schreeder Wheeler & Flint, LLP
1100 Peachtree St., Suite 800
Atlanta, GA 30309

David A. Geiger
Geiger Law, LLC
1275 Peachtree St. NE
Suite 525
Atlanta, GA 30309

Shayna M. Steinfeld
Steinfeld & Steinfeld
PO Box 49446
Atlanta, GA 30359

United States Trustee
362 Richard Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

Clay M. Townsend
Morgan & Morgan, P.A.
20 N. Orange, Ave. Suite 1500
Orlando, FL 32801

Jon E. Kane
Mateer Harbert, P.A.
225 E. Robinson St.
Suite 600
Orlando, FL 32801

Richard L. Robbins
Robbins Ross Alloy Belinfante
Littlefield, LLC
999 Peachtree St. NE
Suite 1120
Atlanta, GA 30309

## TRUSTEE'S QUITCLAIM BILL OF SALE

STATE OF GEORGIA
COUNTY OF FULTON

    THIS INDENTURE, made this ____ day of _____, 2016, between Cathy L. Scarver, as Trustee in Bankruptcy of the estate of Steven C. Smith, Debtor, a case now pending in the United States Bankruptcy Court in the Atlanta Division of the Northern District of Georgia under Case Number 10-89420-PWB (hereinafter called Grantor), and BKGD, LLC (hereinafter called Grantee);

    WITNESSETH THAT:

    Grantor, by virtue of the power and authority given in and by that Order entered upon the Trustee's Motion to Sell Membership Interest in Orlando Gateway, LLC, the Order by the United States Bankruptcy Court for the Northern District of Georgia dated the _____ day of _____, 2016, a true copy of which is attached hereto as Exhibit "A" ("the Order"), and in consideration of One Hundred Thousand and NO/100 DOLLARS ($100,000.00), lawful money of the United States paid by the Grantee, receipt whereof is hereby acknowledged, does hereby grant, convey and release unto the Grantee, its heirs and assigns forever, the following described property,

    Any and all rights, title, and interests that the bankruptcy estate may have in the Debtor's interest in Orlando Gateway, LLC, a Georgia LLC (hereinafter the "Property")

together with all of the estate's rights, title and interest in the Property which the Grantor had or has power to convey or dispose of as Trustee in Bankruptcy for Debtor.

    Anything to the contrary notwithstanding, this Trustee's Quit Claim Bill of Sale, made pursuant to the Order, is expressly made without any representations or warranties of any kind whatsoever including, without limitation, any warranties or representations regarding the title to the Property conveyed, and the presence or absence of any liens, claims, interests or other encumbrances on the Property, except as set forth in the Order. The Property is hereby transferred "AS IS" and "WHERE IS" with no warranties, express or implied; provided that nothing herein shall be construed as

EXHIBIT "A"

impairing any claim Grantee may seek to make as to the extent of the Debtor's interest in the Property.  .

**TRUSTEE DOES NOT MAKE ANY WARRANTIES OR REPRESENTATIONS AS TO THE EXISTENCE, QUANTITY, QUALITY OR NATURE OF ANY OF THE FOREGOING TYPES OR ITEMS OF PROPERTY OR THE TRANSFERABILITY OR ASSIGNABILITY OF ANY CONTRACTS, LICENSES OR PERMITS INCLUDED WITHIN THE CATEGORIES AND ITEMS OF THE PROPERTY, IF ANY. THE TRUSTEE HEREBY EXPRESSLY DISCLAIMS ANY AND ALL EXPRESS OR IMPLIED WARRANTIES WITH RESPECT TO THE PROPERTY, INCLUDING WITHOUT LIMITATION, THE WARRANTIES OF TITLE AND OF MERCHANTABILITY AND FITNESS FOR ANY PARTICULAR PURPOSE.  THE PURCHASED ASSETS ARE BEING TRANSFERRED BY TRUSTEE AND ACCEPTED BY GRANTEE "AS IS", "WHERE IS", "WITH ALL FAULTS". MOREOVER, GRANTEE IS FULLY AWARE THAT THE ESTATE'S INTEREST IN THE PROPERTY IS DISPUTED, AND THE ESTATE MAY NOT HAVE ANY INTEREST IN THE PROPERTY.  IT IS ALLEGED IN A PENDING ADVERSARY PROCEEDING (ADV. NO. 16-05085) THAT GRANTOR AND THE ESTATE HAVE NO OWNERSHIP INTEREST IN THE PROPERTY.**

TO HAVE AND TO HOLD the Property herein granted unto the Grantee, heirs and assigns forever.

IN WITNESS WHEREOF, the Grantor has hereunto set her hand and seal the day and year first above written.

Signed, sealed and delivered
in the presence of:


_____   _____
WITNESS                          CATHY L. SCARVER, As and only
                                 as Trustee-in-Bankruptcy for
                                 Steven C. Smith, Debtor, Case
                                 No. 10-89420-PWB, No. Dist. GA,
                                 Atlanta, Div.


Sworn to and subscribed before me
this ____ day of _____, 2016.

_____
Notary Public

My commission expires:_____

EXHIBIT "A"

EXHIBIT "A"

[SALE ORDER]

EXHIBIT "A"